

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

July 21, 1976

The Honorable Kenneth D. Gaver          Opinion No. H-850
Commissioner
Texas Department of Mental Health       Re: Notice requirements
    and Mental Retardation           under the Open Meetings
P. O. Box 12668, Capitol Station        Act for MH/MR Community
Austin, Texas 78711                     Center.

Dear Dr. Gaver:

You ask what must be done by the boards of trustees of community centers for mental health and mental retardation in order to satisfy the notice requirements of the Open Meetings Act, article 6252-17, V.T.C.S. This question was answered in Attorney General Opinion H-450 (1974) for the Mental Health and Mental Retardation Authority of Harris County, for which Harris County served as the operating agency and the Commissioners Court as the Board of Trustees. Most of the twenty-seven community centers in Texas, however, are established and operated by a combination of two or more local agencies, as authorized by article 5547-203, section 3.01(a), V.T.C.S.

Article 5547-203, section 3.04, requires that:

> All meetings of the boards of trustees
> shall be open to the public to the
> extent required by and in accordance
> with the general law of this state
> requiring meetings of governmental
> bodies to be open to the public.

Article 6252-17, section 3A, specifies the places for posting notice of meetings of a state governmental body, a city governmental body, a county governmental body, a school district, and a governmental body of a water district or other district or political subdivision. We believe that a community center founded by two or more local agencies is an "other district or political subdivision" within the meaning of article 6252-17, section 3A(f) and (g), and that notice of meetings must satisfy the requirements of section 3A(f) and (g). Thus, notice must be posted at a place convenient to the public in the administrative office of the center. Further, the notice must be furnished to the clerk or clerks of each county in which one of the establishing agencies is situated for posting at the county courthouse as required by subsection (g) of section 3A; or, if the establishing agencies cover all or part of four or more counties, notice must be given to the Secretary of State and to the clerk of the county in which the center's administrative office is located, as required by subsection (f) of section 3A of the Act.

In Attorney General Opinion H-450 (1974), this office held that the Harris County Mental Health and Mental Retardation Authority was, for purposes of notice under the Open Meetings Act, a county governmental body, and that proper notice must be posted on a bulletin board in the county courthouse as required by article 6252-17, section 3A(d). Attorney General Opinion H-450 (1974) continues to control the limited situation set out in its facts -- that is, a community center established and operated by a single local agency, with the governing body of that local agency serving as the board of trustees of the center, as authorized by article 5547-203, section 3.02(a). Notice requirements are satisfied by complying with the requirements otherwise applicable to that local agency [for example, the county commissioners court in Attorney General Opinion H-450 (1974)]. A community center established by a single local agency, but having a Board of Trustees appointed from the qualified voters of the region to be served, will, however, be considered an "other district or political subdivision" subject to the requirements of article 6252-17, section 3A (f) and (g).

## S U M M A R Y

For purposes of the Open Meetings Act, a local community center for mental health and mental retardation established by a combination of two or more local agencies is an "other district or political sub-division" subject to the requirements of article 6252-17, section 3A (f) and (g). The same is true for a community center established and operated by a single local agency unless the governing body of that local agency is serving as the Board of Trustees of the center, in which case the community center must simply comply with the notice requirements otherwise applicable to its governing body.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb